**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JUNIOR JEAN,** | § | |
| **A#220-550-335,** | § | |
| **PETITIONER,** | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO. 3:26-CV-652-L-BK** |
| | § | |
| **WARDEN PRAIRIELAND DETENTION** | § | |
| **CENTER,** | § | |
| **RESPONDENT.** | § | |

**ORDER**

Before the court is Petitioner Junior Jean's ("Petitioner") Emergency Motion for Immediate Release or, in the Alternative, for Expedited Hearing on Pending Habeas Corpus Petition Due to Health Issue ("Motion"), filed on April 21, 2026 (Doc. 11).  Upon careful review of the pleadings, the record, and the applicable law, the court **denies** the Motion.

The Motion was filed by Patricia Andrea ("Andrea"), a third-party non-lawyer individual, on behalf of Petitioner, a *pro se* alien detainee in the custody of Immigration Custom Enforcement ("ICE") at the Prairie Land Detention Center in Alvarado, Texas.  Andrea seeks Petitioner's immediate release because of an alleged medical emergency, "a serious throat infection accompanied by fever and constant headaches," which remains untreated other than for salted water. Doc. 11 at 1-2.  Although Petitioner's health condition has worsened, the ICE facility staff have informed Petitioner they cannot prescribe antibiotics.  *Id.* at 3.  Petitioner alleges that his medical condition is now serious and that the staff's deliberate indifference violates his constitutional rights and places his health in danger.  Petitioner requests (1) his immediate release

from ICE custody or, in the alternative, (2) an expedited hearing on his habeas corpus petition and immediate medical care, including a medical evaluation by a licensed physician and antibiotics, for his throat infection and fever.

First, Andrea lacks standing or legal authority to represent Petitioner and file the Motion on his behalf. On February 27, 2026, before this case was transferred to the Dallas Division, the court found that Andrea was not a proper party because she had not proved that she has a significant relationship with Petitioner for purposes of next-friend status. Doc. 4 at 3-4 (Hendrix, J.). Neither Petitioner nor Andrea challenged that ruling, and Petitioner was permitted to proceed *pro se. Id.* at 4-5.

Nevertheless, the requirements of Federal Rule of Civil Procedure 11, related to signing pleadings and making representations to the court, apply here. Because Petitioner did not sign the Motion, it is denied on this basis alone.

Second, Petitioner's complaints about his medical care and request for immediate and adequate medical care are not the proper subject of a habeas corpus petition and should instead be pursued through a civil rights lawsuit. The Fifth Circuit has held that the purpose of habeas corpus is to grant relief from unlawful imprisonment or custody, and it cannot be used for any other purpose. *Pierre v. United States*, 525 F.2d 933 (5th Cir. 1976). Where a prisoner challenges the conditions of his confinement, as here, the proper vehicle is a civil rights action if a determination in the prisoner's favor would not automatically result in his accelerated release. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997); *see also Poree v. Collins*, 866 F.3d 235, 243-44 (5th Cir. 2017) (summarizing general Fifth Circuit principles and noting circuit split as to whether conditions of confinement claims can be brought in habeas petitions). Based on this precedent, the Fifth Circuit recently found no jurisdiction in the habeas context to consider claims stemming

from adverse conditions of confinement brought about by the COVID-19 Pandemic. *Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021). In so holding the court reiterated that "the Great Writ does not, in [the Fifth] Circuit, afford release for prisoners held in state custody due to adverse conditions of confinement." *Id.*

Petitioner's medical-care claims are unrelated to the cause or duration of his immigration detention. Indeed, his allegations, even if true, would not necessarily entitle him to earlier or speedier release. Thus, Petitioner's complaints are more appropriately addressed in a civil-rights action. *See Chick v. Facility Admn. Prairieland Det. Ctr.*, No. 3:26-CV-1285-K-BT (N.D. Tex. Apr. 23, 2026) (finding alien detainee's request for injunctive relief related to inadequate medical treatment was not cognizable in a habeas corpus petition). Considering Petitioner's *pro se* status, the court liberally construes his Motion as a civil rights complaint and severs it from this action. *See Nubine v. Thaler,* 395 F. App'x 109, 110 (5th Cir. 2010) (per curiam) (citing *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463-64 (5th Cir. 1998)).

Accordingly, Petitioner's Motion is **denied** and, liberally construed to raise civil rights claims related to Petitioner's health issues, it is **severed** from this action.

The clerk of the court is **directed** to (1) open a new civil rights action for the severed matter (NOS code 555) against the Warden of the Prairieland Detention Center, (2) directly assign the new case, per Special Order 3-250, to the same judges as this case, and (3) file a copy of the Motion and this order in the new action. *The parties are notified that all future docketing related to the severed matter should be entered in the new case*.

The clerk of the court is also **directed** to mail a copy of this order to Petitioner and to Andrea, but Andrea will not receive any further notice of the proceedings here or in the severed action.

**It is so ordered** this 29th day of April, 2026.

Sam A. Lindsay
United States District Judge