

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

JUNIOR JEAN,

*By and through his Next Friend,*

PATRICIA ANDREA,

      Petitioner,                             Case No. 3:26-cv-00652-D-BK

vs.

UNITED STATES OF AMERICA,

      Respondent.

---

**PETITIONER'S EMERGENCY MOTION FOR IMMEDIATE RELEASE**
**OR, IN THE ALTERNATIVE, FOR EXPEDITED HEARING**
**ON PENDING HABEAS CORPUS PETITION DUE TO HEALTH ISSUE**

TO THE HONORABLE SIDNEY FITZWATER, UNITED STATES DISTRICT

JUDGE:

Petitioner Junior Jean, by and through his Next Friend Patricia Andrea, respectfully

submits this Emergency Motion for Immediate Release or, in the alternative, for an expedited

hearing on his pending Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 on

February 24, 2026. This motion is necessitated by a medical emergency that poses a serious and

immediate threat to Petitioner's health and safety.

**I. INTRODUCTION AND NATURE OF EMERGENCY**

Petitioner has been detained at Prairieland Detention Center, 1209 Sunflower Lane, Alvarado, Texas 76009, since on November, 2025. During his detention, Petitioner has developed a serious throat infection accompanied by fever and constant headaches. Despite repeated requests for medical attention, the detention facility has denied Petitioner antibiotics and has provided only salted water as "treatment." Petitioner's condition has worsened, and the facility's deliberate indifference to his serious medical needs violates his constitutional rights and places his health in jeopardy.

Additionally, Petitioner's prolonged detention now exceeding 5 months  with no resolution of his habeas petition has caused severe emotional distress. Petitioner is separated from his two young children, ages two and four, both United States citizens, who are in a state of extreme precarity without their father's care and support. The combination of deteriorating medical conditions, inadequate medical care, and the emotional toll of family separation creates an urgent situation requiring immediate judicial intervention.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner entered the United States through the CBP One program, a lawful entry system established by U.S. Customs and Border Protection. Petitioner has no criminal record. On February 24, 2026, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the legality of his detention. That petition has been pending before this Court for over six weeks without resolution.

Petitioner is the father of two United States citizen children, ages two and four years old. His detention has left his children in extreme precarity, as they are deprived of their father's care, financial support, and emotional presence during critical developmental years.

## III. MEDICAL EMERGENCY AND INADEQUATE CARE

While detained at Prairieland Detention Center, Petitioner developed a severe throat infection. His symptoms include:

- Persistent and worsening throat infection.

- Can't eat

- Barely talk

- Extreme Weakness

- Fever;

- Constant headaches.

Despite Petitioner's repeated requests for medical treatment, detention facility personnel have refused to provide antibiotics or other appropriate medical care. The only "treatment" Petitioner has received is salted water. Facility staff have informed Petitioner that they "cannot provide antibiotics," leaving his infection untreated and worsening.

This failure to provide adequate medical care for a serious and obvious medical need constitutes deliberate indifference in violation of Petitioner's constitutional rights. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (holding that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment"). While *Estelle* addressed the Eighth Amendment rights of convicted prisoners, immigration detainees like Petitioner are entitled to at least the same level of protection under the Fifth Amendment's Due Process Clause.

## IV. LEGAL STANDARD FOR EMERGENCY RELIEF

### A. Habeas Corpus Under 28 U.S.C. § 2241

Under 28 U.S.C. § 2241, federal district courts have jurisdiction to review the lawfulness of an individual's custody. This Court may grant immediate relief where a petitioner demonstrates that continued detention violates statutory authority, denies due process, or subjects the petitioner to unconstitutional conditions of confinement.

Federal courts reviewing habeas petitions in immigration detention cases consider: (1) whether the government has statutory authority to continue detention; (2) whether the petitioner has been denied a bond hearing or due process; and (3) whether the duration or conditions of custody have become punitive or unreasonable. Relief may include direct release, an ordered bond hearing, or review of the government's justification for continued detention.

### B. Constitutional Protection Against Deliberate Indifference to Medical Needs

The Supreme Court has long held that deliberate indifference to a detainee's serious medical needs violates the Constitution. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish a claim, a petitioner must demonstrate: (1) a serious medical need; and (2) deliberate indifference by detention officials to that need.

A "serious medical need" includes conditions diagnosed by a physician as requiring treatment, conditions so obvious that a layperson would recognize the need for medical attention, or conditions that significantly impact daily activities. A throat infection with fever and persistent headaches—left untreated and worsening over time clearly meets this standard.

"Deliberate indifference" is established when officials know of and disregard an excessive risk to the detainee's health. Here, Petitioner has repeatedly requested treatment, facility staff have acknowledged his condition, yet they have refused to provide antibiotics or any medically appropriate care. Offering only salted water for a bacterial infection requiring antibiotic treatment constitutes deliberate indifference.

## V. ARGUMENT

### A. Petitioner Faces an Urgent Medical Emergency Requiring Immediate Relief

Petitioner's untreated throat infection, fever, and constant headaches constitute a serious medical emergency. Bacterial throat infections, if left untreated, can lead to severe complications including abscess formation, systemic infection, and respiratory compromise. The denial of antibiotics—the standard and necessary treatment for bacterial infections is not merely negligent; it is deliberately indifferent to Petitioner's serious medical needs.

The detention facility's response providing only salted water and stating they "cannot provide antibiotics" demonstrates a conscious disregard for Petitioner's health. This conduct violates Petitioner's Fifth Amendment right to due process and constitutes the type of unconstitutional conditions of confinement that warrant immediate judicial intervention.

### B. Petitioner's Prolonged Detention Without Resolution of His Habeas Petition Violates Due Process

Petitioner filed his habeas corpus petition on February 24, 2026—over six weeks ago. During this time, he has remained detained without a hearing, without a bond determination, and without resolution of the fundamental question of whether his detention is lawful. This prolonged

detention, combined with the denial of medical care and separation from his two young United States citizen children, has become punitive and unreasonable.

Petitioner entered the United States lawfully through the CBP One program. He has no criminal record. He is the sole caretaker and provider for two very young children who are United States citizens. His children, ages two and four, are suffering in his absence and are in a state of extreme precarity without their father. The emotional distress caused by this prolonged separation compounded by the deteriorating conditions of Petitioner's detention and his worsening medical condition demonstrates that continued detention serves no legitimate governmental interest and violates due process.

**C. Petitioner is Entitled to Immediate Release or, at Minimum, an Expedited Hearing**

Given the exigent circumstances presented a serious and untreated medical condition, deliberate indifference by detention officials, prolonged detention without due process, and the urgent needs of Petitioner's two United States citizen children this Court should grant immediate relief. Petitioner respectfully requests that the Court order his immediate release from custody so that he may obtain necessary medical treatment and reunite with his children.

In the alternative, if the Court is not prepared to order immediate release, Petitioner respectfully requests that the Court expedite a hearing on his pending habeas corpus petition and order the government to show cause why Petitioner should not be released immediately or, at minimum, granted a bond hearing. Additionally, the Court should order the detention facility to provide Petitioner with immediate and appropriate medical care, including antibiotics and evaluation by a licensed physician.

Recent data from federal courts in Texas indicate that habeas corpus petitions challenging immigration detention are being granted at high rates, with many cases resolved within 4 to 10 weeks. Petitioner's case has already exceeded this timeframe, and the addition of a medical emergency and family crisis warrants prioritization and immediate judicial action.

## VI. CONCLUSION AND PRAYER FOR RELIEF

Petitioner Junior Jean faces a medical emergency that is being ignored by detention facility personnel in violation of his constitutional rights. He has been separated from his two young United States citizen children for over six weeks without resolution of his habeas petition, without a bond hearing, and without due process. The combination of inadequate medical care, prolonged detention, and family separation creates an urgent situation that demands immediate judicial intervention.

WHEREFORE, Petitioner respectfully requests that this Court:

1.    Order the immediate release of Petitioner Junior Jean from immigration detention;

2.    In the alternative, order an expedited hearing on Petitioner's pending Petition for Writ of Habeas Corpus and require the government to show cause why Petitioner should not be released or granted a bond hearing;

3.    Order Prairieland Detention Center to provide Petitioner with immediate medical care, including antibiotics and evaluation by a licensed physician, for his throat infection, fever, and headaches;

4.    Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*PATRICIA ANDREA*    04/15/2026

Patricia Andrea

Next Friend for Petitioner Junior Jean

X-RAY

**Extremely Urgent**

 

**UPS**

Lo
an

Scan

### Extremely Urgent

Apply shipping documents on this sid

4/20/26, 3:08 PM

s for use with the following services:

Air®

e Express®

ir®

e Expedited®

---

ANDREA LAW CENTER
9725288298
1304 THISTLE LANE
MANSFIELD TX 76063

LTR          1 OF 1

**SHIP TO:**
CLERK FOR JUDGE FRITZWATER
UNITED STATES DISTRICT COURT
ROOM 1452
1100 COMMERCE STREET
**DALLAS TX 75242-1310**

**TX 752 9-40**

**UPS NEXT DAY AIR SAVER**          **1P**

TRACKING #: 1Z 1BY 490 13 2111 8562

BILLING: P/P

XOL 26.04.01          NV45 17.0A 04/2026*

er rate, the UPS Express® envelopes may only contain
nt documents, and/or electronic media, and must weigh
ss envelopes containing items other than those listed
n 8 oz. will be billed by weight.

lope may be used only for documents of no commercial
es consider electronic media as documents. Visit
t to verify if your shipment is classified as a document.
r rate, the UPS Express envelope must weigh 8 oz. or
lopes weighing more than 8 oz. will be billed by weight.

pes are not recommended for shipments of electronic
e personal information or breakable items. Do not
ent.

aboutblank

re than 110 years
e.*

  

International Shipping Notice — Carriage hereunder may be sub... ...ing to liability and other terms and/or conditions established
by the Convention for the Unification of Certain Rules Relating to International Carriage by Air (the "Warsaw Convention") and/or the Convention on
the Contract for the International Carriage of Goods by Road (the "CMR Convention"). These commodities, technology or software were exported
from the U.S. in accordance with the Export Administration Regulations. Diversion contrary to U.S. law prohibited.

For information about UPS's privacy practices or to opt out from the sale of
personal information, please see the UPS Privacy Notice at www.ups.com

010195103  5/25  PAC  United Parcel Service





UNITED STATES DISTRICT COURT
1100 COMMERCE ST
STE 1452
DALLAS TX 75242

P:BRN444 S:BRN4MR I:4W

0813-5000

121BY4901321111 8562   2330

5AT0485 KLE 07-1 Apr 21 03:11:43 2026
US 7526 WOC 25.0 S*TBLR



RECEIVED

APR 21 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Extremely Urgent

Express